UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
                              :
ROBYN ELLEN ZUZICK            :     Civ. No. 3:19CV00539(SALM)
                              :
v.                            :
                              :
COMMISSIONER OF SOCIAL        :
SECURITY                      :     October 10, 2019
                              :
------------------------------x

## ORDER OF DISMISSAL

On April 11, 2019, the self-represented plaintiff Robyn Ellen Zuzick ("plaintiff") filed a Complaint for Review of Social Security Administration Decision. [Doc. #1]. For the reasons that follow, the Court **DISMISSES, without prejudice**, plaintiff's Complaint [**Doc. #1**] for failure to prosecute and failure to comply with the Court's orders.

## BACKGROUND

Plaintiff filed the Complaint in this matter on April 11, 2019, using a form Social Security Complaint. See Doc. #1, Complaint. Simultaneously therewith, plaintiff also filed a motion seeking leave to proceed in forma pauperis [Doc. #2], which the Court granted on April 11, 2019 [Doc. #7].

In May 2019, the parties consented to the jurisdiction of a United States Magistrate Judge. See Docs. #11, #13, #14. On May 23, 2019, this case was transferred to the undersigned. [Doc. #14]. On June 10, 2019, defendant Commissioner of Social

1

Security ("defendant") filed the Social Security Transcripts. [Doc. #16]. On that same date, the Court entered its Supplemental Scheduling Order, requiring plaintiff to file her motion to reverse and/or remand by August 9, 2019. See Doc. #17 at 1. A copy of the Court's Supplemental Scheduling Order was sent to plaintiff by United States Mail on June 11, 2019.

Plaintiff failed to file her motion to reverse and/or remand by August 9, 2019. As a result, on August 14, 2019, the Court issued an Order to Show Cause why this matter should not be dismissed for plaintiff's failure to prosecute. [Doc. #18]. The Court ordered that plaintiff file a response to the Court's Order to Show Cause on or before August 30, 2019. See id. A copy of the Court's Order to Show Cause was sent to plaintiff by United States Mail on August 14, 2019.

On September 3, 2019, presumably in response to the Court's Order to Show Cause, plaintiff filed a motion seeking an extension until October 29, 2019, to file her motion to reverse and/or remand. See Doc. #19. On September 4, 2019, the Court granted plaintiff's motion, in part, and ordered that plaintiff file her motion on or before September 30, 2019. See Doc. #20. Because plaintiff represented that she was trying to secure counsel, see Doc. #19 at 1, the Court noted: "In the event that plaintiff is unable to secure counsel, then plaintiff will be responsible for preparing and submitting her motion to reverse

2

and/or remand by September 30, 2019. Should plaintiff fail to file her motion to reverse and/or remand by September 30, 2019, this case may be dismissed." Doc. #20. A copy of the Court's September 4, 2019, Order was sent to plaintiff by United States Mail on September 6, 2019.

To date, plaintiff has failed to file any motion to reverse and/or remand.

## **DISCUSSION**

"A district court has the inherent power to dismiss a case ... for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Supreme Court explained that such authority is governed by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Reynel v. Barnhart, No. 01CV6482(RLE), 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002) (citation and quotation marks omitted). "Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute sua sponte." Zappin v. Doyle, 756 F. App'x 110, 111-12 (2d Cir. 2019).

"Rule 41(b) recognizes the district courts' power to dismiss a complaint for failure of the plaintiff to comply with a court order, treating noncompliance as a failure to prosecute. Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead

3

proceeding pro se, fails to comply with legitimate court directives." Bonnette v. Comm'r of Soc. Sec., No. 16CV6398(ENV), 2018 WL 6173434, at *2 (E.D.N.Y. Nov. 26, 2018). When considering whether to dismiss an action for failure to prosecute, courts generally consider the following five factors:

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). No single factor is generally dispositive. Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994).

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); accord Rozell v. Berryhill, No. 18CV969(AJN)(JLC), 2019 WL 1320514, at *1-2 (S.D.N.Y. Mar. 25, 2019).

A consideration of the foregoing factors weighs in favor of dismissal. First, plaintiff's non-compliance with the Court's orders continues. Although the length of plaintiff's non-compliance is not the most egregious that this Court has encountered, it is nevertheless significant as it has entirely stalled this case from proceeding. Plaintiff's motion to reverse and/or remand was originally due two months ago on August 9, 2019. See Doc. #17 at 1. Although the Court partially granted

plaintiff's request for an extension of that filing deadline, plaintiff has failed to comply with that extended deadline.

Next, the Court considers whether plaintiff had been adequately warned that dismissal of this action was a possibility given her failure to prosecute and general non-compliance with Court orders. Plaintiff was warned of the possibility of dismissal in the Court's August 14, 2019, Order to Show Cause. See Doc. #18. Plaintiff was also explicitly warned in the Court's Order granting her motion for extension of time that if she failed to file her motion to reverse and/or remand by September 30, 2019, that her case could be dismissed. See Doc. #20. Thus, plaintiff was placed on notice that her case was at risk of dismissal on two occasions.

Third, the Court considers whether a further delay in these proceedings would result in prejudice to defendant. The delay thus far has prejudiced both the Court and defendant. A further delay would "merely leave a stagnant case on the docket, without providing relief to [plaintiff] or repose to the Commissioner." Bonnette, 2018 WL 6173434, at *2; see also Lomack v. Comm'r of Soc. Sec., No. 18CV6083(FPG), 2019 WL 132741, at *2 (W.D.N.Y. Jan. 8, 2019) ("The Court also finds Plaintiff's inaction prejudicial to the Commissioner. The Commissioner has an interest in the timely resolution of this case, as the Social

Security Administration is significantly overburdened with applications and appeals.").

Fourth, "although the Court recognizes Plaintiff's interest in receiving a fair chance to be heard, it must also consider the heavy demands of its docket, especially in the Social Security context[.]" Lomack, 2019 WL 132741, at *2. This case is nearly six months old, "yet it is not fully briefed or ready for the Court to rule on its merits." Id. The Court has afforded plaintiff several opportunities to be heard, but thus far, plaintiff has declined to prosecute this action or to otherwise comply with the Court's orders.

Finally, the Court considers the efficacy of lesser sanctions. Here, the Court has granted plaintiff's motion to proceed in this matter without the payment of fees and costs. [Doc. #7]. Given plaintiff's in forma pauperis status, "[m]onetary sanctions cannot be relied on because the plaintiff is indigent." Bhatia v. Pitney Bowes, Inc., No. 3:04CV1484(RNC), 2006 WL 2661143, at *1 (D. Conn. Sept. 14, 2006). The Court can otherwise "think of no alternative that would be less drastic yet still effective[,]" as would the sanction of dismissal. Id.; see also Bonnette, 2018 WL 6173434, at *2 ("[N]o sanction short of dismissal would be effective. A monetary sanction would be inappropriate, given Bonnette's in forma pauperis status."); Neal v. Comm'r of Soc. Sec., No. 18CV01936(VEC)(SN), 2019 WL

6

3402464, at *2 (S.D.N.Y. June 5, 2019) ("[T]here are no lesser sanctions — such as a monetary fine — practicable here given that Plaintiff is proceeding in forma pauperis and pro se."), report and recommendation adopted, 2019 WL 2710127 (June 28, 2019).

"[A]ll litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they ... must suffer the consequences of their actions." Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 5 (2d Cir. 1997) (citation omitted). The Court finds that dismissal of this matter is appropriate given plaintiff's failure to prosecute and failure to comply with the Court's orders. See Reynel, 2002 WL 2022429, at *1; Bonette, 2018 WL 6173434, at *2. However, because plaintiff is self-represented, "the Court deems it proper in this case that dismissal be without prejudice." Reynel, 2002 WL 2022429, at *1; see also Rozell, 2019 WL 1320514, at *2 ("[D]ismissal without prejudice is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." (citation and quotation marks omitted)).

## **CONCLUSION**

Thus, for the reasons stated, the Court **DISMISSES, without prejudice**, plaintiff's Complaint [**Doc. #1**] for failure to prosecute and failure to comply with the Court's orders.

SO ORDERED at New Haven, Connecticut, this 10th day of October, 2019.

                                           /s/
                                 HON. SARAH A. L. MERRIAM
                                 UNITED STATES MAGISTRATE JUDGE